## Ward v. National Railroad Passenger Corporation

*George E. Goldstein*, for plaintiff.
*Richard L. Goerwitz, Jr.* and *William B. Moyer*, for defendants.

BECKERT, *P.J.*, May 30, 1978—Defendant Borough of Bristol has filed preliminary objections to plaintiff's complaint. The first, and most significant, objection is that no cause of action has been stated. Paragraph 6 of the complaint alleges that the borough negligently failed to erect barriers "to prohibit access to the paths leading to the railroad tracks (where the fatal accident of plaintiff's decedent occurred) from the playground and ice skating rink near the scene of said accident, having prior knowledge or reason to know that children and others using said facilities regularly entered therefrom upon the property of defendant Conrail."

Defendant borough challenges plaintiff's claim against it as being without any legal foundation, on the theory that a municipality is a creature of statute and therefore has no duty to take any action unless it has been granted by the state the power to take such action. The borough argues that it lacked authority under The Borough Code of February 1, 1966, P.L. (1965) 1656, 53 P.S. §45101 et seq., to enter onto the private property of defendant rail-

road and therefore cannot be held responsible for failure to erect barriers thereon to prevent access to the railroad tracks. With that argument we would agree.

It is uncertain from the wording of the complaint whether plaintiff intended to allege breach of a duty on defendant borough to erect some sort of barrier or restraint upon its *own* property adjacent or contiguous to that of the railroad. Such a duty might exist where the zone of danger exists on public property, rather than on that of the railroad, as in Pennsylvania Railroad Company's Case, 213 Pa. 373, 62 Atl. 986 (1906). There, our Supreme Court held that a borough lacked the power to require a railroad company, at its own expense, to maintain and operate safety gates at public street crossings. However, even if a municipality were required to implement protective measures under those facts the instant case would be readily distinguishable, in that the dangerous condition alleged here existed solely upon railroad property. We know of no authority which would impose upon a municipality the onerous burden of insuring the safety of all who enter upon private property, especially where that property is used for the operation of passenger trains which will obviously attract members of the public. The municipality within which such a rail transportation business is conducted certainly cannot be expected to monitor all entrances to the premises and selectively exclude persons of tender age who might become injured if allowed to enter, nor can it preclude *all* persons from entry via particular footpaths, as plaintiff would suggest.

Plaintiff has further alleged in paragraph 6(b) of her complaint that the borough was negligent in "maintaining and allowing to exist, a dangerous condition at and near the scene of the said accident

. . . " but the location of that condition has not been specified, nor has its precise nature. Accordingly, the borough has requested a more specific pleading, to which we agree it is entitled. If plaintiff cannot amend so as to allege a specific condition, within the area of the borough's direct control, then this allegation cannot stand, for reasons stated above. However, we will grant her the opportunity to amend, if she is able.

## ORDER

And now, May 30, 1978, the demurrer of defendant Borough of Bristol to plaintiff's complaint is hereby sustained as to that defendant, with leave granted to plaintiff to amend paragraph 6(b) of her complaint so as to state a cause of action, if she is able, within 20 days from the date hereof.